Judge Grimke
delivered the opinion of the court:
Section 12 of the statute declares, that “ if any person, guilty of any of the offenses enumerated, shall be called upon before a grand jury, or in any court of justice, to testify on behalf of the state, the witness shall be compelled *to give all the facts in evidence, and shall not be indictable or punishable for any of the offenses so by him disclosed.” Drcsback was required to testify in neither of these cases, and it is the statute alone, which, invading the general principles of evidence, has created this species of testimony in any case. That no man shall be compelled to testify where that testimony may lay the foundation for a criminal prosecution against himself, is a principle well established and well understood, to which we can admit no exceptions but such as the statute has made. It is evident, then, that the facts disclosed by this witness implicate himself, and that they might be instrumental in procuring a conviction against him. The law declares he shall be a witness for the state alone, and in that case humanely protects him against the consequences of his testimony. It protects him in no other case.
It was, therefore, error to compel him to testify in this case, and for this error a new trial is awarded.